**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

LEONARD MOORE,

      Petitioner,

                                   Case No.  22-cv-12321

v.

JONATHAN HEMINGWAY,

      Respondent.

_____ /

**ORDER GRANTING RESPONDENT'S MOTION TO HOLD BRIEFING IN ABEYANCE**

Petitioner Leonard Moore is currently serving a sentence of 204 months in prison for convictions arising out of his participation in various crimes, including a firearm conviction under 18 U.S.C. § 924(c). On September 30, 2022, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner essentially argues that his § 924(c) conviction should be vacated in light of the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). (Id.) This sort of claim generally must be raised in a motion under 28 U.S.C. § 2255, but Petitioner attempts to raise it in a petition under 28 U.S.C. § 2241. He can proceed under § 2241 only if § 2255's "savings clause" applies, that is, if he shows § 2255 is an "inadequate or ineffective" remedy. *See* 28 U.S.C. § 2255(e).

On November 16, 2022, Respondent filed a motion to hold briefing in abeyance until the United States Supreme Court issues a decision in *Jones v. Hendrix*, No. 21-857, 2022 WL 1528372 (May 16, 2022). (ECF No. 4.) The question at issue in *Jones* is a circuit split regarding the availability of 28 U.S.C. § 2255(e)'s savings clause to allow

statutory interpretation claims to be raised under § 2241. Respondent argues that,

"because the scope of the saving clause is jurisdictional, it is a threshold question that

this Court must resolve before reaching the merits of Moore's petition." (ECF No. 4,

PageID.54.) Petitioner did not file a response.

The court has "broad discretion to stay proceedings as an incident to its power to

control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Here, the court

finds that the Supreme Court's forthcoming decision in *Jones v. Hendrix*, No. 21-857,

which was argued on November 1, 2022, is likely to impact the question of whether

relief is available to Petitioner. Thus, the court finds that a stay would appropriately

serve the interests of judicial efficiency. Accordingly,

IT IS ORDERED that Respondent's "Motion to Hold Briefing in Abeyance

Pending Jones v. Hendrix" (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that, within 60 days of the Supreme Court's decision

in *Jones*, Respondent shall file a response to the habeas petition. Petitioner may

thereafter file a reply no later than 60 days after the response is filed.

s/Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 4, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, May 4, 2023, by electronic and/or ordinary mail.

s/Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Staff Attorney\22-12321.MOORE.MotionToHoldBriefingInAbeyance.EKL.docx