UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD MOORE,

                Petitioner,

v.

JONATHAN HEMINGWAY,

                Respondent.

Case No. 22-12321
Honorable Shalina D. Kumar
Mag. Judge Patricia T. Morris

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Leonard Moore, who is confined at the Federal Correctional Institution in Milan, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues that a change in statutory interpretation renders his conviction under 18 U.S.C. § 924(c) invalid.

Before the Court is Respondent's motion to dismiss the petition for lack of subject matter jurisdiction. (ECF No. 6.) For the reasons that follow, the motion is **GRANTED**, and the petition is **DISMISSED.**

**I.  Background**

In 2010, a jury convicted Petitioner of: (1) participating in a criminal organization in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (count one), (2) RICO Conspiracy in violation of 18 U.S.C. § 1962(d) (count two), (3) violating the Violent Crimes in Aid of Racketeering Act ("VICAR"), 18 U.S.C. § 1959(a)(3) (count nine), (4) Conspiracy to Transport Stolen Property in violation of 18 U.S.C. § 2313 (count 15), (5) Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 841 & 846 (count 19), and (6) Use of a Gun in relation to the VICAR charge, in violation of 18 U.S.C. § 924(c) (count 33). *See* E.D. Mich Case No. 2:06-cr-20465 (Edmunds, J.)  The Sixth Circuit affirmed Petitioner's convictions but remanded for resentencing. *United States v. Donovan*, 539 F. App'x 648 (6th Cir. 2013).

On remand, Petitioner was resentenced to an aggregate term of 204 months imprisonment.  Petitioner appealed his sentence and the Sixth Circuit affirmed. *United States v. Moore*, 634 F. App'x 483 (6th Cir. 2015).

In 2017, Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255 claiming his attorney rendered ineffective assistance at trial and on appeal, and that the prosecutor engaged in misconduct.  The district court denied the motion and declined to issue a certificate of appealability.  *See*

2

*United States v. Moore*, No. 2:06-20465, 2018 WL 4697091 (E.D. Mich. Sept. 27, 2018).  The Sixth Circuit Court of Appeals denied a certificate of appealability.  *United States v. Moore*, No. 18-2172, 2019 WL 5152777 (6th Cir. Feb. 6, 2019).

Petitioner then filed the instant petition under 28 U.S.C. § 2241. (ECF No. 1.)  He challenges his § 924(c) conviction for the use of a firearm in commission of a crime of violence.  Specifically, Petitioner asserts that the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022), which held that an attempted Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A), invalidates his § 924(c) conviction.

Petitioner seeks to challenge his § 924(c) conviction under § 2241 petition via the "saving clause" of 28 U.S.C. § 2255(e).  Respondent has filed a motion to dismiss arguing that the Court lacks subject matter jurisdiction because the case is not properly filed under § 2241.

## II. Discussion

A prisoner generally may challenge his federal conviction or sentence only by means of a motion under 28 U.S.C. § 2255.  *Jones v. Hendrix*, 599 U.S. 465, 469 (2023).  A limited exception to this rule is found in the "saving clause" of § 2255(e). The "saving clause" allows a federal prisoner to proceed under § 2241 if the prisoner establishes that the remedy afforded

3

by § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "Section 2255(e) limits district courts' subject-matter jurisdiction. A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

As discussed above, Petitioner has already filed a § 2255 motion with the sentencing court, which was denied. Since enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal prisoner who seeks to file a second or successive § 2255 motion must obtain prior authorization from the court of appeals. *See* 28 U.S.C. § 2255(h). Once a federal prisoner has filed an unsuccessful § 2255 motion, as Petitioner already has done, he may file a second or successive motion only by receiving prior authorization by the court of appeals. Such authorization is granted only upon a showing of "newly discovered evidence," or a new, retroactive "rule of constitutional law." 28 U.S.C. § 2255(h)(1), (2).

Petitioner concedes that he cannot satisfy either of the two conditions under which a second or successive § 2255 motion may be filed. He

4

argues, therefore, that § 2255 is inadequate and ineffective to test the legality of his detention. But the Supreme Court has held that the "saving clause does not authorize such an end-run around AEDPA." *Jones v. Hendrix*, 599 U.S. 465, 477 (2023).

In *Jones*, the Supreme Court clarified that the saving clause provides recourse to § 2241 only in cases where "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 474. Such unusual circumstances may exist when, for example, the sentencing court no longer exists, or where "'it is not practicable for the prisoner … to be present at the hearing.'" *Id.* at 474-75 (quoting *United States v. Hayman*, 342 U.S. 205, 216 n.23 (1952).

The Supreme Court also clarified in *Jones* that the saving clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id*. at 471. That is exactly the basis on which Petitioner seeks relief here. Petitioner seeks relief under *United States v. Taylor*, 596 U.S. 845 (2022), which is a case of statutory interpretation. *See Birtha v. Gilley*, No. 22-6030, 2023 WL 6052516, *2 (6th Cir. Sept. 12, 2023). Because *Jones* forecloses Petitioner from raising

5

this claim of statutory interpretation in a § 2241 petition, the Court lacks subject-matter jurisdiction.

## III. Conclusion

Petitioner has not shown that § 2255 is inadequate or ineffective to test his detention. The Court, therefore, lacks jurisdiction to decide his § 2241 petition.

Accordingly, the Court **GRANTS** Respondent's motion to dismiss (ECF No. 6) and the petition for a writ of habeas corpus is **DISMISSED.**

The Court **DENIES** Petitioner leave to appeal *in forma pauperis* since any appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (explaining that an appeal is not taken in good faith if the issue presented is objectively frivolous).

Finally, the Court notes that a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**SO ORDERED.**

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: March 27, 2024